JOHN D. SHAW *v.* JAMES and JOHN B. VINCENT.

In a case where the defendants had agreed with the plaintiff, in consideration of $1200 to be paid in three annual installments ending with June 1, 1869, to convey to him certain islands in a river; and the plaintiff, after paying $200, (Feb. 1867,) notified the defendants that in consequence of their inability to make title, he abandoned the contract and demanded the $200 ; and thereupon (Nov. 16, 1867,) brought *assumpsit* against them, declaring, 1, *for money had and received*, and, 2, on a *special contract* to convey land ; it being admitted that up to the time of bringing the suit the defendants had no title to five of the islands, and only *one-ninth* undivided interest in several others : *Held, that,*

1. As the plaintiff had not complied with his part of the agreement, he could not maintain the *second* count ;

2. The defendants were to be allowed to complete their title at any time before Jan. 1, 1869, or, (if compellable to do so earlier) at all events, before the *tender* of all the purchase money by the plaintiff ;

3. Evidence offered by the defendants, that the plaintiff at the time of making the agreement knew of the want of title by them, was competent;

4. In such a case, in order to enable a plaintiff *in a court of law*, to *abandon* the contract, and recover back his payments thereupon, the failure of title must be *complete* ; the doctrine of *compliance merely insignificant* or *immaterial,* being one confined to courts of equity, which, as this case was pending at the adoption of the Constitution of 1868, cannot be enforced here.

ASSUMPSIT, commenced Nov. 16th 1867, tried before *Watts, J.,* at Spring Term 1870, of NORTHAMPTON Court.

The plaintiff declared : 1. For money had and received ; 2. On a special contract to convey certain land to plaintiff, and a refusal to do so.

The case states that on the 4th of October 1866, the defendant agreed in writing, in consideration of $1200, to sell to plaintiff all the islands in Roanoke River between certain points; " Title to be retained until the purchase money is paid; Payments, one-third Jan. 1st 1867, one-third Jan. 1st 1868, one-third Jan. 1st, 1869." On February 1st 1867, plaintiff paid defendants $200. Afterwards he notified defendants, that in consequence of their inability to make title, he (the plaintiff) abandoned the contract, and demanded repayment of the $200. This the defendants refused. There are five islands, viz : Jones, Ivey, Hickory, Holly and Collard, lying between the points named in the contract, to which it was admitted that defendants at the date of the contract had no title, and that they had not acquired any up to suit brought ; but this want of title, it was alledged by the defendants, was known to the plaintiff. There are several other islands between the points named, of which the defendants claimed to have owned at the date of the contract an undivided ninth, as tenants in cammon with other persans. The plaintiff ob-

jected to the evidence tending to prove his knowledge of the defect of title in the defendants, but it was admitted.

The Judge told the jury that if the plaintiff knew at the time of making the contract that defendants had no title to the islands, he was not entitled to recover anything, but if he did not, he was entitled to recover $200. The jury found for the plaintiff, and assessed his damages at $100. There was an allegation of misconduct by the jury, which it is unnecessary to consider.

The plaintiff appealed.

*R. B. Peebles*, for the appellant.

1. Where purchaser has paid any part of the price, and vendor is unable to make title, from any cause, the former may *abandon*, and sue for money had and received : Chitty, Cont. 316, Sugden, Vend. 279.

2. The rule of damages is : What he has paid and interest, and expenses in investigating the title : *Fuller* v. *Hubbard*, 6 Con. 13 ; *Clark* v. *Smith*, 14 Jon. 329.

3. That vendee, at time of contract, knew of defect of title is immaterial : Chitty Cont. 320, *Barrett* . *Wheeler*, 7 M. & W. (Exch.) 364.

*Ransom, contra.*

RODMAN, J. (After stating the case as above.) This is an action of assumpsit brought on the 16th of Nov. 1867.

As this action was brought before the Code, it must be dealt with under the former practice.

The plaintiff cannot recover on his second count, because, by the terms of the contract the title was not to be made until payment of the purchase money, which is not averred. Moreover, the plaintiff has credit for a part of the price until

January 1st 1869, and the defendants might contend that they were entitled to that time to complete their title in, and that it was not in the power of the plaintiff by a premature tender to deprive them of the benefit of the time. As this point does not arise under the actual facts, it is unnecessary to decide it.

The plaintiff rests his case principally on the first count, which is founded on the idea that as soon as he discovered that the defendants were unable to make him a title, he had a right to rescind the contract, and recover the money he had paid under a mistake.

If a vendor at the expiration of the time given by the contract within which to make title, is unable to make title to any part of the land, so that there is a total failure of consideration, the vendee may rescind the contract, and recover the whole or any part of the purchase money which he may have paid under a mistake as to the vendor's ability, in an action for money had and received: 2 Pars. Cont. 678 ; Hilliard Vend. p. 319, s. 20.

So, if a vendor contracts to sell an estate which he then has, and incapacitates himself, or is disabled from doing so, the vendee may treat the contract as rescinded: Hilliard, p. 259, sec 4.

But, where by the contract a certain time is given to the vendor within which to make a title, it is a matter of no importance whether he has his title at the date of the contract, or at any time prior to that agreed on for its performance. More especially is this true where the vendee knows of the vendor's want of title at the date of contract : Ib. p. 252, s. 6. In that point of view evidence of the plaintiff's knowledge of defendant's want of title at the date of the contract, was admissible.

Where time is expressly stipulated for, it is of the essence of the contract. It is true that in this case there was no

express stipulation that the money should not be paid, at the choice of the vendee, before the expiration of the credit; and *possibly* he might, by a tender before that time, have enabled himself to require of the vendor to make him a title prematurely, or else to rescind the contract; but, as was said before, we are not called on to consider that state of facts; for the vendee has made no title, and certainly, in the absence of one, the vendor will be allowed the full time stipulated for. This is a fatal objection to the claim of the plaintiff to rescind the contract, and recover what he has paid.

There is also another objection. In *Franklin* v. *Miller*, 4 A. & E. 599, (31 E. C. L. R.) Littledale, J., said: "It is a clearly recognized principle that if there is only a partial failure of performance by one party to a contract for which there may be a compensation in damages, the contract is not put an end to." In this case the defendants did own an undivided part of the lands contracted to be sold; and the inability to perform is only partial. The doctrine of a Court of Equity is, that where the vendor can convey only an insignificant and immaterial part of what is bargained for, it will not compel a vendee to take that, even at a corresponding reduction of the price; but if he can substantially perform his contract, and the part as to which he cannot perform is of such a character as to admit of compensation being made to the vendee for the failure, there the Court will enforce the specific performance of the contract so modified. But this is an equity, which cannot be applied in a court of law. A jury is incompetent to deal with the perplexed and difficult questions which such cases present, and so is a court of law, to give such judgments as would preserve the rights of all the parties.

We think there was error in the instructions of the Judge. There must be a *venire de novo.* The defendants will recover costs in this court.

PER CURIAM. *Venire de novo.*